**Victor Hugo PORRAS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 07–97–0208–CR.**

Court of Appeals of Texas,
Amarillo.

March 25, 1998.

Law Offices of Michael J. Brown, Michael J. Brown, Lubbock, for appellant.

Hale County District Attorney, Terry McEachern, Robert W. Kinkaid, Jr., Plainview, for appellee.

Before QUINN and REAVIS, JJ., and REYNOLDS, Senior Judge.*

QUINN, Justice.

Pending before the court is the State's motion to dismiss this appeal. The latter was perfected by Victor Hugo Porras, appellant, who was released on bond pending appeal. According to the motion and affidavit attached thereto, appellant has disappeared. Furthermore, his bond was surrendered on October 27, 1997, and the court issued a warrant for his arrest on that day. Thus, the State argues that dismissal is appropriate under Texas Rule of Appellate Procedure 42.4. We agree.

■ According to Rule 42.4, an appellate court "must dismiss an appeal on the State's motion, supported by affidavit, showing that the appellant has escaped from custody pending appeal and that to the affiant's knowledge, the appellant has not, within ten days after escaping, voluntarily returned to lawful custody...." Though escape can be a criminal offense, the Texas Court of Criminal Appeals has made it clear that the penal offense does not necessarily establish the parameters of "escape from custody" contemplated under Rule 42.4. *Luciano v. State,* 906 S.W.2d 523, 524–25 (Tex.Crim.App.1995). In other words, the definition of escape found in the Penal Code is not necessarily the definition of escape under the aforementioned rule. Rather, we are to afford the concept (as it exists in the appellate rules) its "commonly-accepted meaning." *Id.* at 524. The *Luciano* court then described one such "commonly-accepted meaning." That is, it indicated that escape connoted an unauthorized departure from custody. *Id.* at 524. Moreover, custody, according to the court, was an elastic term which not only included actual physical detention or imprisonment, but also the power to actually imprison or take into physical possession. *Id.* at 524–25.

Implicit within each example is the notion that the individual is not free to exercise his liberty or that his liberties are being restrained via legal process.

■ Here, appellant was on bond when he departed to places unknown. Being on bond, his liberties were obviously restrained. *Ex parte Robinson,* 641 S.W.2d 552, 553–54 (Tex.Crim.App.1982) (holding that, for purposes of habeas relief, one's liberties are restrained while released on bond); *Pfeffer v. State,* 683 S.W.2d 64, 65–66 (Tex.App.—Amarillo 1984, pet. ref'd) (holding the same). Furthermore, his limited freedom was susceptible to utter curtailment by legal process should he breach the conditions of his bond. Given this, and the fact that the court did not approve his absconding, as illustrated by the surrender of the bond and issuance of an arrest warrant, we conclude that he escaped from custody per Rule 42.4.[1]

Accordingly, the State's motion to dismiss is granted and appeal dismissed.

---

* Charles L. Reynolds, Chief Justice (Ret.) Seventh Court of Appeals, sitting by assignment.

1. See also *Prince v. State,* 169 Tex.Crim. 559, 336 S.W.2d 140, 141 (1960) (appeal was dismissed when appellant had been released on bail when he was not entitled to bail and had the status of an escapee); *Moreno v. State,* 544 S.W.2d 398, 399 (Tex.Crim.App.1976) (when appellant was mistakenly released and his whereabouts were unknown to defense counsel and the court, his appeal was dismissed because he had the status of an escapee); *Thompson v. State,* 641 S.W.2d 920, 922 (Tex.Crim.App.1982) (appellant had status of escapee when he had been erroneously released on bail and his whereabouts were unknown to the court and defense counsel).