**Reginald Chuckwuemeka IKE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–99–00366–CR.

Court of Appeals of Texas, Houston (1st Dist.).

July 22, 1999.

Andrew L. Jefferson, Jr., Houston, for Appellant.

Calvin Hartmann, Assistant District Attorney, John B. Holmes, District Attorney of Harris County, Houston, for State.

Panel consists of Justices HEDGES, ANDELL, and DUGGAN.[1]

---

1. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas     at Houston, participating by assignment.

## OPINION

ADELE HEDGES, Justice.

■ Pending before this Court is the State's motion to dismiss the appeal. The State argues that dismissal is warranted under Texas Rule of Appellate Procedure 42.4. We grant the motion and dismiss the appeal.

Appellant, Reginald Chuckwuemeka Ike, was released on bond pending the trial of this case. The affidavit attached to the motion to dismiss states that appellant's trial began on February 15, 1999. On February 19, 1999, the jury returned its guilty verdict. The trial judge ordered appellant to return for sentencing on February 22, 1999. Appellant did not appear for sentencing, and his bond was forfeited.

Sentencing proceeded in appellant's absence. At the sentencing hearing, an investigator with the Harris County District Attorney's Office testified that he went to appellant's place of business and discovered that it had been cleared out. Appellant's computer was missing, and various diplomas were removed from the walls. Appellant was sentenced to 20 years in prison and fined $10,000. His trial attorney filed a notice of appeal. At this same time, appellant's trial attorney informed the State that he did not know the whereabouts of appellant. Appellant remains a fugitive.

■ Rule 42.4 provides that an appellate court "must dismiss an appeal on the State's motion, supported by affidavit, showing that the appellant has escaped from custody pending appeal and that to the affiant's knowledge, the appellant has not, within ten days after escaping, voluntarily returned to lawful custody within the state." TEX.R.APP. P. 42.4. In determining whether appellant has escaped for purposes of Rule 42.4, we do not necessarily apply the definition under the Texas Penal Code, but rather, we apply the term's "commonly-accepted meaning." *Luciano v. State,* 906 S.W.2d 523, 524–25 (Tex. Crim.App.1995); *Porras v. State,* 966 S.W.2d 764, 765 (Tex.App.—Amarillo 1998, no pet.). In *Luciano,* the court noted that

one "commonly-accepted meaning" of escape is an unauthorized departure from custody. 906 S.W.2d at 524. According to the court, "custody" is an elastic term which includes actual physical detention or imprisonment, as well as the power to actually imprison or take into physical possession. *Id.* at 524–25. In *Porras,* the court stated that "[i]mplicit within each example [of custody] is the notion that the individual is not free to exercise his liberty or that his liberties are being restrained via legal process." 966 S.W.2d at 765. When an individual is released on bond, his liberties are restrained. *Ex parte Robinson,* 641 S.W.2d 552, 553–54 (Tex.Crim. App.1982).

In the present case, appellant had been released on bond and remained on bond at the time he disappeared. The fact that appellant's bond has been forfeited shows that the trial court did not approve of his disappearance. Because he was on bond at the time of his disappearance, appellant's liberties were restrained. We conclude that appellant escaped from custody for purposes of Rule 42.4.

The State's motion to dismiss is granted and the appeal is dismissed.