Dismissed and Opinion filed September 12, 2002









Dismissed and Opinion filed September 12, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00421-CR

 

____________

 

MICHAEL CARSON ANDERSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 263rd District Court

Harris
County, Texas

Trial
Court Cause No. 860,959

 



 

M
E M O R A N D U M   O P I N I O N

This is an appeal from a judgment adjudicating guilt for
aggravated assault.  On March 15, 2002,
appellant was sentenced to six years in the Institutional Division of the Texas
Department of Criminal Justice. 
Appellant filed a pro se notice of appeal to challenge the sentence
imposed.  








On June 10, 2002, time to file appellant=s brief expired without a brief, and
no motion for extension of time was filed. 
See Tex. R. App. P. 38.6(a).  Appellant and the trial court were notified
on June 19, 2002 that no brief had been received.  No response was filed.  Accordingly, on July 11, 2002, this Court
directed the trial court to conduct a hearing to determine no brief had been
filed.  See Tex. R. App. P. 38.8(b).  On August 12, 2002, the trial court conducted
the  required hearing.  At the hearing, the attorney for the State
informed the court that appellant had been transferred to Montgomery County
where additional charges were pending. 
When those charges were dismissed, appellant was inadvertently released
instead of returned to custody in Harris County or sent to the Institutional
Division of the Texas Department of Criminal Justice to begin serving his
sentence.  The prosecutor informed the
court that appellant=s whereabouts are unknown and several attempts to execute a
warrant to return him to custody have been unsuccessful.

On August 22, 2002, the State filed a motion to dismiss the
appeal because appellant has escaped from custody.  See Tex.
R. App. P. 42.4 (requiring dismissal of appeal when appellant has
escaped from custody and has not voluntarily returned to lawful custody within
ten days).  The verified motion states
that appellant has been released from custody, and he has not returned to begin
serving his sentence in this case. 
Several attempts to locate appellant have been made and he cannot be
found.  Accordingly, he has effectively
escaped from custody for purposes of Rule 42.4 of the Texas Rules of Appellate
Procedure.  The facts that he was sentenced
to imprisonment for six years on March 15, 2002, released from custody two
months later on May 18, 2002, he has not turned himself in and cannot be
located all demonstrate that appellant is aware that his departure from custody
was not authorized.  See Estep v.
State, 901 S.W.2d 491, 495 (Tex. Crim. App. 1995) (determination of Aescape@ requires showing, usually by setting
out circumstances of departure, that appellant departed from custody with
awareness departure was not authorized); see also Ike v. State, 998
S.W.2d 323, 324 (Tex. App.CHouston [1st Dist.] 1999, no pet) (defendant=s disappearance while out on bond
established Aescape@); Porras v. State, 966 S.W.2d
764, 765 (Tex. App.CAmarillo 1998, no pet.) (same).  

No response to the motion to dismiss has been filed.  Accordingly, we grant the State=s motion, and the appeal is ordered
dismissed.  See Tex. R. App. P. 42.4.

PER CURIAM

Judgment rendered and Opinion
filed September 12, 2002.

Panel consists of Chief Justice
Brister and Justices Hudson and Fowler.

Do Not Publish C Tex. R. App. P.
47.3(b).