NUMBER
13-99-420-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B EDINBURG


 

 

JOHN
ADI,                                                                           Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                          Appellee.

 

       On appeal from the 337th District Court
of Harris County, Texas

 

 

                                   O P I N I O N

 

                    Before Justices Dorsey,
Rodriguez, and Baird[1]

                                   Opinion
by Justice Baird     








Appellant was charged
by indictment with the offense of engaging in organized activity.  Tex.
Pen. Code Ann. ' 71.02(a)(1) (Vernon
Supp. 2002).  The indictment alleged a
prior felony conviction for the purpose of enhancing the range of
punishment.  A jury convicted appellant
of the charged offense, found the enhancement allegation true, and assessed
punishment at seventy years confinement in the Texas Department of Criminal
Justice--Institutional Division, and a fine of $10,000.  We affirm.

I.  Factual Summary.

This case involves an
intricate plan of insurance fraud which operated as follows: An attorney would
recruit individuals to feign injuries from staged automobile accidents.  The attorney would then refer these individuals
to a clinic for treatment.  The clinic
would falsify medical reports, and bills indicating these individuals had been
treated for their injuries.  These bills
would be submitted by the attorney to insurance companies as a part of the
demand for settlement.  Upon settlement,
the proceeds would be split between the individuals feigning injury, the
attorney, and the clinic.








In the instant case,
Kelly Liesman, a peace officer employed by the Texas Department of Insurance,
was assigned to investigate this fraudulent scheme.  Liesman met with an informant, and the two
developed a sting operation whereby Liesman and two other officers fabricated
an accident report, and met with attorney Reginald Ike.[2]  Liesman told Ike that no accident had
occurred.  Nevertheless, Ike instructed
Liesman to report to Bethsaida Medical Clinic for treatment of her nonexistent
injuries.  Appellant had an office at the
clinic.  Liesman made three visits to the
clinic.  She later met in Ike=s office with Ike and
appellant.  At this meeting, appellant
insisted that Liesman sign a sheet of paper reflecting additional fictitious
visits.  Liesman complied with this
request.  Ike subsequently made a demand
of the insurance company, and received a settlement totaling $39,000.  Liesman then again met with Ike for the
purpose of distributing the funds.  At
this meeting, Ike wrote checks totaling $15,000 to Liesman and her two
associates.  Ike wrote another check for
$6,000 to a company named Health South. 
Liesman assumed Ike kept the remaining $18,000.  Liesman further testified that appellant did
not attend this meeting and she did not know if appellant received any of the
settlement proceeds.

Eric Flynn was the
informant who worked with Liesman.  Flynn
was aware Liesman was a peace officer. 
Flynn had been one of the first to engage in this scheme to collect
insurance proceeds.  Flynn testified to
numerous meetings where Ike, appellant, and six to twelve others had schemed to
defraud insurance companies.

Mike Leonard, the
complainant, was employed by Republic Western Insurance Company.  Leonard testified that he set up a pretext
insurance policy with Liesman for the purpose of detecting insurance
fraud.  As a result of the policy, Leonard
issued the checks mentioned above to Ike as a part of the sting.

The indictment
alleged, in pertinent part, that appellant did:

 








with the intent to
establish and maintain and participate in a combination and the profits of a
combination of three or more persons who collaborate in carrying on criminal
activities, said combination consisted of at least three persons, including the
defendant, commit the offense of theft by . . . appropriating and otherwise
exercising control over property, namely checks, owned by Mike Leonard and the
Republic Western Insurance Company of a value of over $20,000 and less than
$100,000, pursuant to one scheme and continuing course of conduct, with the
intent to deprive the owner of the checks without the effective consent of the
owner.

II.  Standards of Appellate Review.

Appellant raises two
points of error contending the evidence is legally and factually insufficient
to support the conviction, respectively. 
Legal sufficiency is the constitutional minimum required by the
Due Process Clause of the Fourteenth Amendment to sustain a criminal
conviction.  Jackson v. Virginia,
443 U.S. 307, 315‑16 (1979).  The
appellate standard for reviewing a legal sufficiency challenge is whether any
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  Id. at
320.  The evidence is examined in the
light most favorable to the fact-finder. 
Id.  Sufficiency of the
evidence is measured by the hypothetically correct jury charge, which
accurately sets out the law, is authorized by the indictment, and does not
unnecessarily increase the State's burden of proof.  Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997); Cano v. State, 3 S.W.3d 99, 105 (Tex. App.BCorpus
Christi 1999, pet. ref'd).  A successful
legal sufficiency challenge will result in the rendition of an acquittal by the
reviewing court.  Tibbs v. Florida,
457 U.S. 31, 41‑42 (1982).








We
employ a different standard of appellate review when determining whether the
evidence is factually sufficient to support the verdict.  First, we assume the evidence is legally
sufficient under the Jackson standard. 
Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996).  We then consider all of the record evidence,
not just the evidence which supports the verdict.  Id. 
We review the evidence weighed by the jury which tends to prove the
existence of the fact in dispute, and compare it to the evidence which tends to
disprove that fact.  Santellan v.
State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).  We may disagree with the jury's
determination, even if probative evidence exists which supports the verdict. Clewis,
922 S.W.2d at 133.  However, our
evaluation should not substantially intrude upon the jury's role as the sole
judge of the weight and credibility of witness testimony.  Santellan, 939 S.W.2d at 164.  We set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust.  Johnson v. State, 23
S.W.3d 1, 7 (Tex. Crim. App. 2000) (quoting Clewis, 922 S.W.2d at
129).  This occurs when "the proof
of guilt is so obviously weak as to undermine confidence in the jury's
determination, or the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof." 
Johnson 23 S.W.3d at 11.

III.  The Substantive Offense and Arguments.








The elements of
engaging in organized criminal activity are: (1) a person; (2) with intent to
establish, maintain, or participate in a combination; (3) commits or conspires
to commit; (4) an enumerated offense.  Tex. Pen. Code Ann. ' 71.02(a)(1) (Vernon
Supp. 2002); Mast v. State, 8 S.W.3d 366, 369 (Tex. App.BEl Paso 1999, no
pet.).[3]  Appellant argues the indictment alleged he committed
the offense of theft. And because the jury was not permitted to convict appellant
under the law of parties, the State was obliged to prove that appellant personally
acquired or exercised control over the checks issued by Leonard.  The State does not directly address appellant=s argument.  Instead, the State argues the indictment
alleged appellant conspired to commit the offense of theft.  It contends the evidence is, therefore,
sufficient because it shows appellant and another member of the combination
performed an act in furtherance of that conspiracy.  We will begin with the State=s argument.

A.  The State=s Argument.








One of the most
fundamental tenets in our criminal justice system is that a defendant may be
tried only for the offense alleged in the charging instrument. Abdnor v.
State, 871 S.W.2d 726, 738 (Tex. Crim. App. 1994). Consistent with this
principle, our law provides that where the charging instrument facially charges
a complete offense, the State is held to the offense charged, regardless of
whether the State intended to charge that offense.  Thomason v. State, 892 S.W.2d 8, 11
(Tex. Crim. App. 1994) (citing Fisher v. State, 887 S.W.2d 49, 55, 57
(Tex. Crim. App. 1994)).  Neither the
trial court nor an appellate court may enlarge upon that facially complete
offense and permit the jury to convict or uphold that conviction on a basis or
theory not alleged in the charging instrument. 
Fella v. State, 573 S.W.2d 548, 548 (Tex. Crim. App. 1978).[4]  To do so would violate due process. McCormick
v. United States, 500 U.S. 257, 269‑70 & 270 n.8 (1991); Dunn
v. United States, 442 U.S. 100, 106 (1979); Cole v. Arkansas, 333
U.S. 196, 201‑02 (1948).

These fundamental
principles were reaffirmed in Rodriguez v. State, where the defendant
was charged with driving while intoxicated; the alleged intoxication was
"by the reason of the introduction of alcohol into his body."  Rodriguez v. State, 18 S.W.3d 228, 229
(Tex. Crim. App. 2000).  The evidence
developed at trial showed the defendant was taking cold medication at the time
of the alleged offense.  Id.  The trial judge permitted the jury to convict
upon a finding the defendant was intoxicated by "alcohol, a drug, or a
combination of both of those substances, into the body."  Id. 
The Court of Criminal Appeals reversed, holding the trial judge erred in
authorizing the jury to base a conviction on a theory of intoxication not
alleged in the charging instrument.  Rodriguez,
18 S.W.3d at 232.








Therefore, when the
penal statute provides multiple ways an offense may be committed, the charging
instrument must allege every alternative means of commission upon which a
conviction will be sought.  Gibbons v.
State, 652 S.W.2d 413, 415 (Tex. Crim. App. 1983).  As noted above, the offense of engaging in
organized criminal activity may be established by either the actual commission
of an enumerated offense or conspiring to commit such an offense.  However, contrary to the State=s assertion, the
indictment did not allege conspiracy to commit the offense of theft B it alleged the actual
commission of that offense. 
Therefore, we cannot uphold the conviction on a conspiracy basis.  Accordingly, we reject the State=s argument, and next
turn to address the merits of appellant=s argument.[5]

B.  Appellant=s Argument.








Prior to the charge
being read to the jury, the State requested an instruction on the law of
parties.  The trial judge denied that
request.[6]  Appellant argues this ruling was correct
because A[a] >parties= theory is already
included as an element of the offense of Engaging in Organized Criminal
Activity.@  App. br. pg. 15.  Appellant now argues that because the jury
was not authorized to convict on a parties theory, the failure of the evidence
to prove appellant personally acquired or otherwise exercised control
over Leonard=s checks renders the
evidence insufficient.  Appellant=s argument raises two
issues.  First, is the law of parties
applicable to the offense of engaging in organized activity.  If not, appellant is correct that the
evidence is insufficient. However, if the law of parties is applicable, but not
included within the jury charge, how does an appellate court resolve a
sufficiency challenge.

The first issue has
been answered adversely to appellant.  In
McIntosh v. State, 52 S.W.3d 196 (Tex. Crim. App. 2001), the defendant
advanced the same argument that appellant now makes B that a parties charge
would be inappropriate because the offense of engaging in organized criminal
activity necessarily encompasses party liability.  However, the McIntosh Court disagreed
and held Aparty liability can
support a conviction for engaging in organized criminal activity when the
[enumerated] offense is alleged and proved as commission.@  McIntosh, 52 S.W.3d at 201 (emphasis
added).[7]  Because the instant offense was both alleged
and proved as commission, we hold the trial judge erred in denying the State=s requested instruction
on the law of parties.








We now turn to the
second issue and ask:  since the law of
parties was applicable but not included within the jury charge, how do we
review appellant=s sufficiency
challenges.  Under Malik, we
determine the legal sufficiency of the evidence against a "hypothetically
correct charge."  Id. at 240.
Such a charge accurately sets out the law, is authorized by the indictment,
does not unnecessarily increase the State's burden of proof or unnecessarily
restrict the State's theories of liability, and adequately describes the
particular offense for which the defendant is being tried.  Id. 
The rule of Malik has been applied in cases dealing with the
offense of engaging in organized criminal activity.  Gonzalez v. State, 63 S.W.3d 865,
872-73 (Tex. App.BHouston [14th Dist.)
2001, pet. granted on other grounds) (citing Nesbitt v. State, 958
S.W.2d 952 (Tex. App.BBeaumont 1998, no
pet.)); Nguyen v. State, 21 S.W.3d 609, 613 (Tex. App.BHouston [1st Dist.]
2000, pet. ref'd).  In Gonzalez, supra,
the court dealt with the identical issue presented here and held that a
hypothetically correct charge would have included a parties instruction
authorizing conviction if the jury found the defendant, acting as a party
together with other members of the combination, committed the enumerated
offense.  Id., 63 S.W.3d at
872-73.

We too have held,
albeit in a different context, that the law of parties may be considered when
determining whether the evidence is legally sufficient.  Swartz v. State, 61
S.W.3d 781, 785 (Tex. App.BCorpus Christi 2001, pet. ref=d).  As we held earlier, the trial judge erred by
not including a parties instruction in the instant case. Therefore, a
hypothetically correct charge in the instant case would have authorized
conviction on a parties theory of criminal liability.  Accordingly, we hold the evidence is legally
sufficient to support appellant=s conviction.  Therefore, the first point of error is
overruled.








Malik has also been applied
to factual sufficiency reviews.  Davy
v. State, 67 S.W.3d 382, 391 (Tex. App.BWaco 2001, no pet.) (AWe conduct a factual
sufficiency review by referencing a hypothetically correct jury charge.@); Phelps v. State,
999 S.W.2d 512, 518 (Tex. App.BEastland 1999, pet.
ref=d); Nesbitt,
958 S.W.2d 954; Warren v. State, 971 S.W.2d 656 (Tex. App.BDallas 1998, no pet.);
Ramirez v. State, 967 S.W.2d 919 (Tex. App.BBeaumont 1998, no
pet.); Planter v. State, 976 S.W.2d 866, 868 (Tex. App.BEastland 1998), rev=d on other grounds, 9 S.W.3d 156 (Tex.
Crim. App. Dec. 15, 1999).[8]  When the Malik rationale is applied to
the instant case, we cannot say the verdict is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust.  Johnson, 23 S.W.3d at 7.  Accordingly, we hold the
evidence factually sufficient to support appellant=s
conviction.  Therefore, the second point
of error is overruled.

The
judgment of the trial court is affirmed.

 

 

                                                   


CHARLES
F. BAIRD

Justice

 

Publish. 
Tex. R. App. P. 47.3.

 

Opinion delivered and filed this

the 7th day of November, 2002.











[1]
Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by
the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov=t Code Ann. '
74.003 (Vernon 1998).





[2]  See Ike v. State, 998 S.W.2d 323, 324
(Tex. App.BHouston
[1st Dist.] 1999, no pet.) (appeal dismissed due to defendant's disappearance
while out on bond which constituted escape).





[3]  ACombination@
means three or more persons who collaborate in carrying on criminal
activities.  Tex. Pen. Code Ann. ' 71.01 (Vernon Supp.
2002).  The phrase Acollaborate
in carrying on criminal activities@ implies continuity B
something more than a single, ad hoc effort. Nguyen v. State, 1
S.W.3d 694, 697 (Tex. Crim. App. 1999).  





[4]  Recently, our sister court in Austin
addressed this established rule of law:

 

Early
on it was stated:

 

The
rule is universal . . . that the [jury] charge must be limited to the
allegations in the indictment. A jury would not be authorized to convict
appellant of any other offense than that specifically charged, and the court
should confine the consideration of the jury in the charge to the allegations
contained in the indictment.  Emerson
v. State, 54 Tex.Crim. 628, 114 S.W. 834, 835 (1908); see also Gooden v.
State, 140 Tex.Crim. 347, 145 S.W.2d 177, 178 (1940).  "It is fundamentally wrong to authorize
a conviction on any state of facts other than those which support the finding
of the truth of the indictment."  Moore
v. State, 84 Tex.Crim. 256, 206 S.W. 683, 684 (Tex. Crim. App.1918); see
also Dowden v. State, 537 S.W.2d 5, 6 (Tex. Crim. App.1976).  This is true even if no trial objection is
made.  See Robinson v. State, 553
S.W.2d 371, 374‑75 (Tex. Crim. App.1977).

 

Castillo
v. State, 7 S.W.3d 253, 258 (Tex. App.BAustin
1999, pet ref=d).





[5]  We pause here to note that Malik has
no place in the State=s
argument (and is not even cited by the State) because a Ahypothetically
correct charge@
cannot authorize conviction on a theory not alleged in the indictment.  Malik v. State, 953 S.W.2d 234, 238
n.3 (Tex. Crim. App. 1997).  See
part III, B, infra for more thorough discussion of Malik and its
application to sufficiency challenges.





[6]  The trial judge did instruct the jury on the
law of parties as it related to the lesser included offense of theft.





[7]  We pause to note that McIntosh was
decided on June 27, 2001, which was after the briefs were filed in the instant
case.





[8]  Apparently, this is still an open question in
the Court of Criminal Appeals.  Zubia
v. State, 998 S.W.2d 226, 227 n.2 (Tex. Crim. App. 1999) (question of
whether Malik should be extended to factual sufficiency grounds
dismissed as improvidently granted).