NO. 07-04-0585-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 7, 2005
_____

WAYNETTA DEMETRIS ROBERSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 3857; HON. STEVEN EMMERT, PRESIDING
_____

Before QUINN, C.J., and REAVIS, and CAMPBELL, JJ.

### *ON STATE'S MOTION TO DISMISS*

Pending before the court is the State's motion to dismiss this appeal. Waynetta Demetris Roberson, appellant, perfected her appeal after being sentenced in open court on November 10, 2004. According to the State's motion and affidavit attached thereto, appellant disappeared during her trial and the trial continued in her absence. However, the record discloses that she was captured approximately three years later and returned to Wheeler County. So, too was she present for the pronouncement of her sentence in open court on the 10th of November. Though having been recaptured before the time period for

perfecting an appeal began to run, the State argues that dismissal is appropriate under Texas Rule of Appellate Procedure 42.4. We disagree.

According to Rule 42.4, an appellate court "must dismiss an appeal on the State's motion, supported by affidavit, showing that the appellant has escaped from custody *pending appeal* and that to the affiant's knowledge, the appellant has not, within ten days after escaping, voluntarily returned to lawful custody . . . ." TEX. R. APP. P. 42.4 (emphasis added). Here, while the record indicates that appellant escaped from custody during trial and the trial continued in her absence, the trial court did not pronounce sentence in open court until her capture and return to Wheeler County. Thereafter, she perfected her appeal. In short, nothing before us illustrates that she had absconded for any period of time during which her appeal pended, and it is this fact that distinguishes our situation from those in *Ike v. State*, 998 S.W.2d 323, 324 (Tex. App. – Houston [1st Dist.] 1999, no pet.) and *Williams v. State*, No. 05-03-01772-CR, 2004 WL 1110533 (Tex. App.–Dallas, May 19, 2004, no pet.) (not designated for publication). In both *Ike* and *Williams*, the appellant remained at large after their trial counsel perfected appeal. *See McGee v. State*, 445 S.W.2d 187, 188 (Tex. Crim. App. 1969) (holding that escape before sentence does not affect the right of appeal nor jurisdiction of appellate court).

Because the elements of Rule 42.4 have not been satisfied, we deny the State's motion to dismiss.

Per Curiam

Publish.