NO. 07-04-0585-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 7, 2005


______________________________



WAYNETTA DEMETRIS ROBERSON, 



 Appellant


v.


 

THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;



NO. 3857; HON. STEVEN EMMERT, PRESIDING


_______________________________



Before QUINN, C.J., and REAVIS, and CAMPBELL, JJ.

ON STATE'S MOTION TO DISMISS


 Pending before the court is the State's motion to dismiss this appeal. Waynetta
Demetris Roberson, appellant, perfected her appeal after being sentenced in open court
on November 10, 2004. According to the State's motion and affidavit attached thereto,
appellant disappeared during her trial and the trial continued in her absence. However, the
record discloses that she was captured approximately three years later and returned to
Wheeler County. So, too was she present for the pronouncement of her sentence in open
court on the 10th of November. Though having been recaptured before the time period for
perfecting an appeal began to run, the State argues that dismissal is appropriate under
Texas Rule of Appellate Procedure 42.4. We disagree. 

 According to Rule 42.4, an appellate court "must dismiss an appeal on the State's
motion, supported by affidavit, showing that the appellant has escaped from custody
pending appeal and that to the affiant's knowledge, the appellant has not, within ten days
after escaping, voluntarily returned to lawful custody . . . ." Tex. R. App. P. 42.4 (emphasis
added). Here, while the record indicates that appellant escaped from custody during trial
and the trial continued in her absence, the trial court did not pronounce sentence in open
court until her capture and return to Wheeler County. Thereafter, she perfected her appeal. 
In short, nothing before us illustrates that she had absconded for any period of time during
which her appeal pended, and it is this fact that distinguishes our situation from those in Ike
v. State, 998 S.W.2d 323, 324 (Tex. App. - Houston [1st Dist.] 1999, no pet.) and Williams
v. State, No. 05-03-01772-CR, 2004 WL 1110533 (Tex. App.-Dallas, May 19, 2004, no
pet.) (not designated for publication). In both Ike and Williams, the appellant remained at
large after their trial counsel perfected appeal. See McGee v. State, 445 S.W.2d 187, 188
(Tex. Crim. App. 1969) (holding that escape before sentence does not affect the right of
appeal nor jurisdiction of appellate court). 

 Because the elements of Rule 42.4 have not been satisfied, we deny the State's
motion to dismiss. 


 Per Curiam

Publish.