COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| ROSA MARIA ARROYOS, | § | No. 08-11-00242-CR |
| Appellant, | § | Appeal from the |
| v. | § | Criminal District Court No. 1 |
|  | § | of El Paso County, Texas |
| THE STATE OF TEXAS, | § | (TC# 20090D01218) |
| Appellee. | § |  |

## MEMORANDUM  OPINION

The Clerk of this Court notified counsel that the record does not include a certification of defendant's right of appeal.  The notice instructed Appellant to remedy this defect and stated that if she failed to do so, the appeal would be dismissed.  In response to the Clerk's notice, Appellant's counsel advised the court in writing that she has no way of obtaining Appellant's signature on the required certification, and thus cannot remedy the defect, because it is counsel's understanding that Appellant absconded during trial and remains at large.  The record supports counsel's understanding that Appellant absconded during trial.  The trial court signed a judgment nisi on the date of trial, stating that Appellant had failed to appear.

Rule 25.2 governs a defendant's right of appeal in a criminal case.  The rule requires the trial court to enter a certification of the defendant's right of appeal, signed by the defendant, in every case in which it enters a judgment of guilt or other appealable order.  TEX.R.APP.P. 25.2(a)(2), (d).  We must dismiss an appeal if a certification showing the defendant's right of appeal is not part of the record.  TEX.R.APP.P. 25.2(d).

Furthermore, Rule 42.4 requires us to dismiss an appeal "on the State's motion, supported by affidavit, showing that the appellant has escaped from custody pending the appeal and that to the affiant's knowledge, the appellant has not, within ten days after escaping, voluntarily returned to lawful custody within the state." TEX.R.APP.P. 42.4. Although the State has not filed a motion and affidavit, the judgment nisi demonstrates that Appellant has escaped, and counsel's letter demonstrates that she has not returned. *See Ike v. State*, 998 S.W.2d 323, 323 (Tex.App.--Houston [1st Dist.] 1999, no pet.). We therefore suspend Rule 42.4's requirement of a motion and affidavit. *See* TEX.R.APP.P. 2.

The appeal is dismissed for the foregoing reasons.


October 3, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)