NO. 07-11-00405-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 2, 2012

KELVIN OLIVER AKA KEVIN OLIVER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 361ST DISTRICT COURT OF BRAZOS COUNTY;

NO. 09-01849-CRF-361; HONORABLE STEVEN LEE SMITH, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

On August 9, 2011, appellant Kelvin Oliver a/k/a Kevin Oliver was convicted of theft of property of less than $1,500. He received a sentence, enhanced by prior convictions, of four and one-half years confinement in prison. Appellant filed a notice of appeal on September 2, 2011. Through orders of September 7, 2011, the trial court released appellant on an appeal bond[1] with the condition he report weekly to the probation department.

---

[1] Tex. Code Crim. Proc. Ann. art. 44.04(a) (West 2006).

By motion filed April 16, 2012,[2] the State seeks involuntary dismissal of the appeal, asserting appellant has escaped from custody.[3]  In an attached affidavit of February 29, 2012, appellant's surety states that appellant posted an appeal bond of $50,000 on September 9, 2011, and was released.  The surety further states appellant could not be located after January 19, 2012, and appellant did not report according to the terms of the bond agreement.  The surety's affidavit speaks also of the inability of appellant's family members to find him since late January.  In a March 19, 2012, affidavit also attached, a representative of the county sheriff's office states that the office has no record that appellant has been "back in custody" of the Brazos County sheriff since his September 9, 2011 release.  According to a certified copy of an April 4, 2012 judgment *nisi* attached to the State's motion, appellant did not appear for a hearing on March 9, 2012.  The judgment also orders appellant's bond forfeited and sets the amount of bail required on re-arrest.

Appellate Rule 42.4 provides:

> The appellate court must dismiss an appeal on the State's motion, supported by affidavit, showing that the appellant has escaped from custody pending the appeal and that to the affiant's knowledge, the appellant has not, within ten days after escaping, voluntarily returned to lawful custody within the state.

---

[2] The appeal was transferred to this court in October 2011 by order of the Supreme Court of Texas.  Tex. Gov't Code Ann. § 73.001 (West 2005).  The appellate record was completed by the filing of the reporter's record here on March 5, 2012.  No appellant's brief has been filed.

[3] According to a certificate of service, the motion was served on appellant's counsel on April 11, 2012.  We held the motion ten days, but have received no response from appellant.  Tex. R. App. P. 10.3(a).

Tex. R. App. P. 42.4. We have previously held that "escape from custody" as contemplated by Rule 42.4 includes absconding while released on appeal bond. *Porras v. State,* 966 S.W.2d 764, 765 (Tex.App.--Amarillo 1998, no pet.). Here, we are shown by the State's motion that appellant escaped from custody during the pendency of his appeal and did not voluntarily return to lawful custody in Texas within ten days of escaping. As noted, appellant made no response to the State's motion. We grant the State's motion and dismiss the appeal. Tex. R. App. P. 42.4.

James T. Campbell
Justice

Do not publish.

3