**Opinion filed February 7, 2013**



# In The

# Eleventh Court of Appeals

_____

## No. 11-12-00347-CR

_____

## JESSIE CANTU A/K/A JESUS CANTU, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**

**Midland County, Texas**

**Trial Court Cause No. CR38302**

## M E M O R A N D U M   O P I N I O N

Appellant, Jessie Cantu a/k/a Jesus Cantu, entered an open plea of guilty to the offense of theft over $1,500 but less than $20,000. The trial court convicted Appellant and assessed his punishment at confinement in a state jail facility for twenty months. The State has filed in this court a motion to dismiss the appeal pursuant to Rule 42.4 of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 42.4. We grant the State's motion and dismiss this appeal.

Rule 42.4 provides that an "appellate court must dismiss an appeal on the State's motion, supported by affidavit, showing that the appellant has escaped from custody pending the appeal

and that to the affiant's knowledge, the appellant has not, within ten days after escaping, voluntarily returned to lawful custody within the state." The record in this case shows that Appellant was sentenced in open court on August 23, 2012, but that the trial court allowed Appellant to remain out on bail until August 30, 2012, to give Appellant "a week to wrap up business." Appellant had a contract to provide meals at an adult daycare facility. The trial court informed Appellant in no uncertain terms that he would be placed into custody at that time. Appellant failed to appear in court as ordered. The trial court subsequently entered a judgment nisi forfeiting Appellant's bail bond and an order for capias for his arrest. In a December 20, 2012 letter to the clerk of this court, the trial court informed this court that, although a warrant had been issued, law enforcement had been unable to locate Appellant. Among other documents attached to the State's motion was the affidavit of an investigator for the district attorney's office. The investigator searched numerous databases and determined that Appellant had not been in lawful custody in the State of Texas at any time from August 31, 2012, to the present.

The uncontroverted evidence before this court indicates that Appellant escaped from custody. *See Luciano v. State*, 906 S.W.2d 523 (Tex. Crim. App. 1995) (construing the term "custody" broadly to include not only actual physical restraint of a person, but also physical restraint of a person by legal order); *Porras v. State*, 966 S.W.2d 764 (Tex. App.—Amarillo 1998, no pet.) (construing Rule 42.4 broadly to include a situation where the appellant had absconded while out on bond). Furthermore, as required by Rule 42.4, the State has shown that Appellant has not voluntarily returned to custody. Consequently, we "must" grant the State's motion to dismiss pursuant to Rule 42.4.

The State's motion is granted, and the appeal is dismissed.

PER CURIAM

February 7, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.