

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00194-CR

AIDE CAZAREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 2
Lubbock County, Texas
Trial Court No. 2012-469569, Honorable Drue Farmer, Presiding

December 18, 2013

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Aide Cazarez, was convicted of the offense of driving while intoxicated and sentenced to be incarcerated in the Lubbock County Jail for a period of 365 days and fined $1,500. We will dismiss the appeal.

By motion filed November 25, the State seeks involuntary dismissal of the appeal, asserting appellant has escaped from custody.[1] In an affidavit attached to the

---

[1] According to a certificate of service, the motion was served on appellant's counsel on November 20. We held the motion ten days, but have received no response from appellant. See TEX. R. APP. P. 10.3(a).

motion, an investigator with the Lubbock County Criminal District Attorney's Office states that appellant was released from jail on appeal bond[2] on June 15. However, appellant's bond company filed a bond surrender on November 14 requesting the issuance of a capias because appellant failed to report as agreed, failed to report her most recent contact information, and left Lubbock County without permission. The investigator's affidavit also provides that a bond surrender capias was issued for appellant's arrest on November 14. Finally, the affiant states that appellant has not been arrested and remains at large.[3]

Furthermore, because appellant's brief was past due, this Court abated this appeal and remanded it to the trial court by order dated November 7. *See Cazarez v. State*, No. 07-13-00194-CR, 2013 Tex. App. LEXIS 13814, at *1 (Tex. App.—Amarillo Nov. 7, 2013, no pet.) (not designated for publication). The trial court held a hearing on November 18. Following this hearing, the trial court entered findings of fact that included findings that appellant was not present at the hearing, and has not been in contact with her appellate attorney or her bonding company since being released on appeal bond.

Texas Rule of Appellate Procedure 42.4 provides:

> The appellate court must dismiss an appeal on the State's motion, supported by affidavit, showing that the appellant has escaped from custody pending the appeal and that to the affiant's knowledge, the appellant has not, within ten days after escaping, voluntarily returned to lawful custody within the state.

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(a) (West 2006).

[3] The State's November 25 motion provides that, at the time of the filing of the motion, appellant has not been arrested and remains a "fugitive from justice."

Tex. R. App. P. 42.4. This Court has previously held that "escape from custody," as contemplated by Rule 42.4, includes absconding while released on appeal bond. *See Porras v. State*, 966 S.W.2d 764, 765 (Tex. App.—Amarillo 1998, no pet.). Here, we are shown by the State's motion that appellant escaped from custody during the pendency of her appeal and did not voluntarily return to lawful custody in Texas within ten days of escaping. As noted, appellant made no response to the State's motion. We grant the State's motion and dismiss the appeal. *See* Tex. R. App. P. 42.4.


                                        Mackey K. Hancock
                                        Justice


Do not publish.