**Opinion filed February 27, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00324-CR

_____

## MARYLOU HEREDIA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR41306**

### M E M O R A N D U M   O P I N I O N

Appellant, Marylou Heredia, entered an open plea of guilty to the offense of theft by deception and a plea of true to the enhancement allegations. The trial court convicted Appellant and assessed her punishment at confinement for eight years. The State has filed in this court a motion to dismiss the appeal pursuant to Rule 42.4 of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 42.4. We grant the State's motion and dismiss this appeal.

Rule 42.4 provides that an "appellate court must dismiss an appeal on the State's motion, supported by affidavit, showing that the appellant has escaped from custody pending the appeal and that to the affiant's knowledge, the appellant has not, within ten days after escaping, voluntarily returned to lawful custody within the state." The record in this case shows that Appellant was sentenced in open court on August 20, 2013, but that Appellant was released on a $20,000 appeal bond. As a condition of the bond, Appellant was required to reside at her designated residence, to report in person weekly to pretrial services, and to report by phone once a week. Appellant has absconded and has not reported since before November 6, 2013. On December 5, 2013, the trial court revoked Appellant's bail and ordered that a warrant be issued for her arrest. Although a warrant has been issued, authorities have been unable to locate Appellant. Among other documents attached to the State's motion was the affidavit of an investigator for the district attorney's office. The investigator contacted Appellant's family, searched numerous databases, and determined that Appellant had not been in lawful custody in the State of Texas since November 3, 2013. Appellant's counsel has also indicated to this court that Appellant "is currently an absconder."

The uncontroverted evidence before this court indicates that Appellant escaped from custody. *See Luciano v. State*, 906 S.W.2d 523 (Tex. Crim. App. 1995) (construing the term "custody" broadly to include not only actual physical restraint of a person, but also physical restraint of a person by legal order); *Porras v. State*, 966 S.W.2d 764 (Tex. App.—Amarillo 1998, no pet.) (construing Rule 42.4 broadly to include situation where the appellant had absconded while out on bond). Furthermore, as required by Rule 42.4, the State has shown that Appellant has not voluntarily returned to custody. Consequently, we "must" grant the State's motion to dismiss pursuant to Rule 42.4.

The State's motion is granted, and the appeal is dismissed.

PER CURIAM

February 27, 2014

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.