

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RAYMUNDO NETTLES, | § | No. 08-19-00187-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 34th District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| State. | | (TC# 20180D02785) |
| | § | |
| | § | |

**O R D E R**

On September 12, 2019, this Court ordered the trial court to prepare and file a certification of the defendant's right to appeal. On October 29, 2019, the trial court entered a certification of the defendant's right to appeal indicating that the defendant had waived the right of appeal. The certification was signed by the trial judge and by trial counsel, but not by Appellant Raymundo Nettles (the defendant below). *See* TEX.R.APP.P. 25.2(d)(requiring defendant's signature on certification of defendant's right to appeal). Based on this certification, we questioned our jurisdiction and directed Appellant Raymundo Nettles to address whether he had a right to appeal in this case.

Appellant and the State both filed responses indicating that Appellant has a right to appeal in this case. Appellant's appellate counsel stated he reviewed the entire trial record and was unable to locate any document signed by Appellant where he indicated that he wished to waive his right to appeal, and he contends that Appellant's trial counsel filed the waiver in error and that it did not represent Appellant's wishes. Appellant's counsel contends that the certification is erroneous absent evidence of a knowing and voluntary waiver of the right to appeal.

The State agreed that Appellant has the right to appeal in this case. The State noted that while Appellant voluntarily absented himself from proceedings before the jury returned its guilty verdict, which can trigger involuntary dismissal of an appeal on escape grounds, *see* TEX.R.APP.P. 42.4, Appellant returned to custody before the notice of appeal was filed, meaning he did not escape while appeal was pending and that his right to appeal remains intact. *See Roberson v. State*, 171 S.W.3d 904, 905 (Tex.App.—Amarillo 2005, no pet.).

1

Having review the responses filed by Appellant and the State, the Court agrees with the assessments of Appellant and the State. The record indicates that Appellant's right to appeal remains intact. As such, the trial court is ordered to prepare and file with the trial court clerk within fifteen days from the date of this order a corrected certification indicating that the defendant has the right to appeal. The trial court clerk shall prepare a supplemental clerk's record containing the certification and file it with this Court no later than December 28, 2019.

IT IS SO ORDERED this 3rd day of December, 2019.

PER CURIAM

Before Alley, C.J., Rodriguez and Palafox, JJ.