**Motion Granted; Appeal Dismissed and Majority Memorandum Opinion filed October 27, 2020**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00580-CR

**THOMAS PAINE HAYES, IV, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 25th District Court**
**Colorado County, Texas**
**Trial Court Cause No. CR17-124**

## MEMORANDUM OPINION

Pending before this court is the State's motion to dismiss this appeal. The State argues that dismissal is warranted under Texas Rule of Appellate Procedure 42.4. We grant the motion and dismiss the appeal.

Rule 42.4 provides that we must "dismiss an appeal on the State's motion, supported by affidavit, showing that the appellant has escaped from custody pending the appeal and that to the affiant's knowledge, the appellant has not,

within ten days after escaping, voluntarily returned to lawful custody within the state." Tex. R. App. P. 42.4. In determining whether appellant has escaped for purposes of Rule 42.4, we do not necessarily apply the definition under the Texas Penal Code, but rather apply the term's "commonly-accepted meaning." *Luciano v. State*, 906 S.W.2d 523, 524–25 (Tex. Crim. App. 1995); *Porras v. State*, 966 S.W.2d 764, 765 (Tex. App.—Amarillo 1998, no pet.). One commonly-accepted meaning of escape is an unauthorized departure from custody. *Luciano*, 906 S.W.2d at 524. The term "custody" includes actual physical detention or imprisonment, as well as the power to actually imprison or take into physical possession. *Id*. at 524–25. "Implicit within each example [of custody] is the notion that the individual is not free to exercise his liberty or that his liberties are being restrained via legal process." *Porras,* 966 S.W.2d at 765. When an individual is released on bond, his liberties are restrained. *Ex parte Robinson*, 641 S.W.2d 552, 553–54 (Tex. Crim. App. 1982).

In the present case, appellant was adjudicated guilty and sentenced to prison for four years. He was released on bond and ordered to report on July 24, 2020, to begin serving his sentence. Appellant failed to appear. An arrest warrant for "Bond Jumping Failure to Appear" issued August 7, 2020. Because apppellant was on bond at the time, appellant's liberties were restrained. We therefore conclude that appellant escaped from custody for purposes of Rule 42.4. *See Porras*, 966 S.W.2d at 765 (appeal dismissed where affidavit stated defendant disappeared while appeal was pending, bond was surrendered, and warrant for arrest issued); *see also Ike v. State*, 998 S.W.2d 323, 324 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (appeal dismissed where affidavit stated defendant did not appear for sentencing and bond was forfeited).

No response to the motion to dismiss has been filed Nor has appellant

otherwise opposed the State's motion to dismiss the appeal. We grant the State's motion and dismiss the appeal.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Wise and Bourliot. (Bourliot, J., concurs without opinion.)

Do Not Publish — Tex. R. App. P. 47.2(b).