Robert McINTOSH, Appellant,

v.

The STATE of Texas.

No. 755–00.

Court of Criminal Appeals of Texas.

June 27, 2001.

James D. Lucas, El Paso, for Appellant.

John L. Davis, Assistant District Attorney, El Paso, for the State.

PRICE, J., delivered the opinion of the Court.

The law of parties provides that an accused may be held criminally liable for the acts of another when, with the requisite intent, he solicits, encourages, directs, aids, or attempts to aid another person in committing an offense. Tex. Penal Code § 7.02. In this case, the appellant was charged with engaging in organized criminal activity, the object of which was to compel prostitution. We granted review to determine whether the appellant's status as a party to the object offense can support his conviction for engaging in organized criminal activity. Tex. Penal Code § 71.02(a)(3). We hold that it can.

The appellant was the owner of the L & L Gentleman's Club in El Paso County. Officers with the El Paso Police Department learned that, among other services offered at the club, customers could purchase sexual relations, known as private dances, with children under age seventeen. Two undercover officers posed as customers and requested to purchase private dances. An employee told the officers that they could purchase private dances performed in private rooms above the club. The officers purchased the services and were led upstairs. They sent a signal to other officers outside, who then raided the club.

Trial testimony showed that employees received a ten percent commission for selling private dances. The club kept half of the fee paid for private dances. A cashier explained that she distributed condoms to dancers when a private dance had been sold. She said that the condoms came from the appellant, who kept them in his office. The cashier also testified that the appellant knew that underaged girls were hired to work at the club. During staff meetings, the appellant encouraged the staff to push private dances and urged them not to get caught. On more than one occasion the appellant paid a dancer, or ordered the manager to pay a dancer from the register, for a private dance he received. Women who had been dancers testified that they had been under age seventeen while working at the club and providing private dances for customers.

The jury convicted the appellant of four counts of engaging in organized criminal activity.[1] The State alleged compelling prostitution as the object offense of the criminal combination. On direct appeal the appellant complained that the trial court erred by, *inter alia*, including a parties instruction in the jury charge. The

---

1. Section 71.02(a) states in part:

 A person commits an offense if, with the intent to intent to establish, maintain, or participate in a combination or in the profits of a combination or as a member of a criminal street gang, he commits or conspires to commit ... compelling prostitution....

Court of Appeals affirmed the appellant's conviction and explained that "We know of no authority that would preclude the application of a parties' theory of liability regarding the underlying offense which is the subject of the combination." *McIntosh v. State*, No. 08–97–00220–CR, slip op. at 15 (Tex.App.—El Paso February 25, 2000) (not designated for publication). We granted review.[2]

▮▮▮ The appellant argues that the State may not rely on party liability to prove that an accused committed the object offense of the criminal combination. To sustain a conviction for engaging in organized criminal activity under section 71.02, the State must prove that the accused, with intent to establish, maintain, or participate in a combination, committed or conspired to commit an enumerated offense, including compelling prostitution. There are two means of engaging in organized criminal activity. To commit the offense by the first means, the defendant commits one or more of the enumerated offenses with the requisite intent. Tex. Penal Code § 71.02(a). The second means allows conviction if the accused conspires to commit [3] the object offense and an overt act is committed by the accused and another member of the combination. *Id.*

In this case, the State charged the appellant with committing the object offense, compelling prostitution. Compelling prostitution requires that the State prove that the accused knowingly "(1) cause[ ] anoth-er by force, threat, or fraud to commit prostitution; or (2) cause[ ] by any means a person younger than 17 years to commit prostitution." Tex. Penal Code § 43.05(a).

In Count I of the indictment, the State charged that the appellant:

> [O]n or about the **1st day of July, 1993, up to and including on or about the 30th day of July, 1993,** and anterior to the presentment of this indictment, in the County of El Paso and the State of Texas, did then and there **with the intent to establish, maintain, and participate in a combination consisting of said Defendant, and EFRAIN RA-MOS, RAQUEL VENTO, SUN IM AD-KINS or ROSA PHILPOT, and with the intent to participate in the profits of said combination, knowingly cause [S.H.], a person younger than 17 years of age, to commit prostitution.**

(Cl. R. at 3).

▮▮▮ The trial judge included a parties instruction in the jury charge that allowed the appellant to be convicted of engaging in organized criminal activity if the evidence showed that, with the requisite intent, the appellant was guilty of compelling prostitution as a party.

> Now, therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, ROBERT MCINTOSH aka Tony Desantio, in El Paso County, Texas, with the intent to establish, maintain or participate in a combination con-

---

2. The appellant raises four new grounds for review in his brief. We granted review only of the question dealing with jury charge error. The specific intent, vagueness, and in pari materia arguments will not be addressed because they were not presented to the Court of Appeals and were not included as the basis of the Court of Appeals's decision.

3. Conspires to commit, in the context of the engaging in organized criminal activity, "means that a person agrees with one or more persons that they or one or more of them engage in conduct that would constitute the offense and that person and one or more of them perform an overt act in pursuance of the agreement." *Compare* Tex. Penal Code § 71.01(b) (requiring the accused to personally commit an overt act in pursuance of the agreement), *with* § 15.02(a)(2) (requiring only that some member of the conspiracy commit an overt act in pursuance of the agreement).

sisting of himself and at least two or more of the following persons, to wit: Efrain Ramos, Racquel Vento, Sum Im Adkins or Rosa Philpott, or with the intent to participate in the profits of said combination, the object of such combination being the commission of the offense of Compelling prostitution, to wit: On or about the 1st day of July, 1993, up to and including the 30th day of July, 1993, the said ROBERT MCINTOSH aka Tony Desantio, *either individually or as a party as that term has been defined,* did then and there knowingly cause [S.H.], a person younger than 17 years of age, to commit prostitution, you will find the defendant, ROBERT MCIN-TOSH aka Tony Desantio, guilty of En-gaging in Organized Criminal Activity, as charged in Count I of the indict-ment. . . .

(Cl. R. at 47–48) (emphasis added) [*sic passim* ].

Neither the indictment, nor the general verdict form, makes it clear that the State alleged that the appellant engaged in orga-nized criminal activity by *committing* the object offense, as opposed to *conspiring to commit* the object offense. The facts of the case indicate that the appellant was charged with and convicted of engaging in organized criminal activity by *committing* the object offense.

The appellant claims that party liability is not proper in a prosecution for engaging in organized criminal activity. If a person can be prosecuted as a party to the object offense, he argues, there is no need for the statute to make the conspiracy to commit the object offense a separate means of engaging in organized criminal activity. The appellant believes that the theory of liability based on conspiracy to commit the object offense supplants the traditional

parties theory of liability. Therefore, the State may not use a parties theory in support of a prosecution for organized criminal activity under a theory that the defendant committed the object offense.

■ The language of the statute does not indicate that party liability is inappro-priate in the context of section 71.02. The statute specifically requires that when the State charges engaging in organized crimi-nal activity by conspiring to commit the object offense, that it prove two overt acts, one of which must be committed by the accused. *See* Tex. Penal Code § 71.01(b); *Barber v. State,* 764 S.W.2d 232, 235 (Tex. Crim.App.1988). The legislature knows how to create an explicit requirement when it intends to do so.

■ The appellant notes that one ele-ment of *conspiring* to engage in organized criminal activity is that the accused him-self commit an overt act in furtherance of the conspiracy. As a result, the appellant argues, applying the law of parties to the *commission means* of charging the offense creates a lower threshold of evidence to obtain a greater punishment.[4] But both within and outside of the combination con-text, party liability requires the State to prove that the offense was actually com-mitted.

■ A conspirator is punished be-cause of the agreement to commit an of-fense with *no requirement* that the object offense *actually be committed.* *Cf. Woods v. State,* 801 S.W.2d 932, 943 (Tex.App.— Austin 1990, pet. ref'd) (explaining that the purpose of prohibiting conspiracies is to prevent "socially dangerous combina-tions"). A party is criminally responsible for the offense *committed* by another be-cause of the party's own solicitation, en-couragement, aid, or direction. The party

---

**4.** The penalty for conspiring to commit the object offense is the same as that for the object offense. Tex. Penal Code § 71.02(c).

The penalty for committing the object offense is one degree higher than the penalty for the object offense. Tex. Penal Code § 71.02(b).

is responsible for the conduct of another because of his level of participation in the offense, even if he was not the proverbial triggerman. Tex. Penal Code § 7.02. In a conspiracy, the object offense need not be *committed*, but the conspirators are still criminally liable for the agreement to commit the offense. That is why in both contexts party liability will be punished more harshly than liability as a conspirator; the party is liable for the conduct of the principal. Therefore, no inconsistency exists in requiring that an accused personally commit an overt act to support conviction of engaging in organized criminal activity by conspiring to commit the object offense and in using party liability to support conviction under the same statute for the commission of the object offense.

 We hold that party liability can support a conviction for engaging in organized criminal activity when, as in this case, the offense is alleged and proved as commission of the object offense. The judgment of the Court of Appeals is affirmed.