NUMBER 13-04-287-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

JUDAS TAMAYO LEAL,                                                                 Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

On appeal from the 36th District
Court of San Patricio County, Texas.

 

                                MEMORANDUM
OPINION 

 

           Before
Chief Justice Valdez and Justices Castillo and Garza

                            Memorandum
Opinion by Justice Garza

                                                                                          








Angel Medina was shot and killed in a drive-by
shooting on August 6, 2003.  Appellant,
Judas Tamayo Leal, was indicted for Medina=s murder, along with four other co-defendants, Mark
Rios, Christopher Gutierrez, Adrian Mendoza, and Billy Joe Martinez.  Appellant, Rios, and Gutierrez were tried jointly,
and the jury found them guilty of murder. 
Appellant now challenges the legal and factual sufficiency of the
evidence to support his conviction.  As
discussed below, we have reviewed the record and conclude that there is legally
and factually sufficient evidence to support appellant=s conviction.  


I. Relevant Law 

Section 19.02(b) of the penal code defines the
offense of murder:

A person commits an offense if he:

(1) intentionally or knowingly causes the death of
an individual;

 

(2) intends to cause serious bodily injury and
commits an act clearly dangerous to human life that causes the death of an
individual; or

 

(3) commits or attempts to commit a felony, other
than manslaughter, and in the course of and in furtherance of the commission or
attempt, or in immediate flight from the commission or attempt, he commits or
attempts to commit an act clearly dangerous to human life that causes the death
of an individual.

 

Tex. Penal Code Ann. ' 19.02(b) (Vernon 2002). 

In the case at bar, the jury charge authorized a
conviction under the law of parties, even though the indictment did not
specifically charge appellant under the law of parties.  Appellant does not raise any jury charge
error on appeal, but we nevertheless note that the law of parties need not be
pled in the indictment.  Vodochodsky
v. State, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005); Marable v. State,
85 S.W.3d 287 (Tex. Crim. App. 2002).  A
defendant may be convicted based on the law of parties as long as the jury is
given an adequate instruction on the law of parties.  Goff v. State, 931 S.W.2d 537, 544
(Tex. Crim. App. 1996). 








Each party to an offense may be charged with the
commission of the offense.  Tex. Penal Code Ann. ' 7.01(b) (Vernon 2003).  AA person is criminally responsible as a party to an
offense if the offense is committed by his own conduct, by the conduct of
another for which he is responsible, or by both.@  Id. '
7.01(a).  The law of parties thus allows
the State to enlarge a defendant=s criminal responsibility to acts in which he may
not be the principal actor.  Goff,
931 S.W.2d at 544.  The following
provision determines whether a person is criminally responsible for the conduct
of another person:

(a)  A person
is criminally responsible for an offense committed by the conduct of another
if:

 

(1) acting with the kind of culpability required for
the offense, he causes or aids an innocent or nonresponsible person to engage
in conduct prohibited by the definition of the offense;

 

(2) acting with intent to promote or assist the
commission of the offense, he solicits, encourages, directs, aids, or attempts
to aid the other person to commit the offense; or

 

(3) having a legal duty to prevent commission of the
offense and acting with intent to promote or assist its commission, he fails to
make a reasonable effort to prevent commission of the offense.

 

Tex. Penal Code Ann. ' 7.02(a) (Vernon 2003).  As the court of criminal appeals recently
explained, this provision establishes a party=s
responsibility for the conduct of another based on the party=s Alevel of participation in the offense, even if he
was not the proverbial triggerman.@  McIntosh
v. State, 52 S.W.3d 196, 200B01 (Tex. Crim. App. 2001).  In determining whether the defendant
participated as a party, the court may look to events occurring before, during,
and after the commission of the offense, and may rely on actions of the
defendant which show an understanding and common design to do the prohibited
act.  Ransom v. State, 920 S.W.2d
288, 302 (Tex. Crim. App. 1996). 
Circumstantial evidence may be used to prove party status.  Id.

 








II.  Legal
Sufficiency

When reviewing the legal sufficiency of the
evidence, we view the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Sanders v. State, 119 S.W.3d 818, 820 (Tex. Crim. App.
2003).  We are not fact finders; our role
is that of a due process safeguard, ensuring only the rationality of the trier
of fact=s finding of the essential elements of the offense
beyond a reasonable doubt.  See Moreno
v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).

The evidence adduced by the State at trial
established that Angel Medina was gunned down outside of his house.  Investigators recovered evidence from the
scene that established that at least four different firearms were discharged
during the attack.  Medina died as a
result of a single gun-shot wound to the chest. 
The fatal shot was fired from a 12-gauge shotgun.








Several eyewitnesses testified at trial.  Their uncontradicted testimony established
that the shooting was a drive-by shooting involving two cars and several
gunmen.  The cars were identified as a
late model Monte Carlo and a four-door Mazda. 
These cars were seen driving past Medina=s
house several times before the shooting. 
The Mazda was identified as belonging to appellant=s girlfriend. 
At least four witnesses saw appellant driving the Mazda immediately
before the shooting.  One witness
observed gunfire flashes emanating from the cars as they drove past Medina=s residence. 
The flashes were seen coming from the backseat of the Monte Carlo and
from the front and rear seats of the Mazda. 
Another witness saw two men, Mark Rios and Christopher Gutierrez, fire
handguns at Medina from within the Mazda.

Appellant contends that the evidence is legally
insufficient because there is no evidence that appellant fired the shot that
killed Medina or that the fatal shot was fired from the vehicle driven by
appellant.  We disagree.  A conviction can be had even if there is no
evidence that the defendant fired the fatal shot.  Cain v. State, 976 S.W.2d 228, 234
(Tex. App.CSan Antonio 1998, no pet.) (recognizing that, under
the law of parties, the fortuity that only a bullet from a different shooter
struck the victim will not absolve the defendant of criminal responsibility for
murder).  We believe that, in
circumstances such as those presented by this case, it is unnecessary for the
State to prove who fired the fatal shot in order to convict a defendant of
murder under the law of parties.  See
id. 








The essential inquiry is whether the State
established beyond a reasonable doubt that appellant acted with the intent to
promote or assist the commission of the murder. 
See Tex. Penal Code Ann. ' 7.02(a)(2). 
As the court of criminal appeals has explained, if the defendant is not
the Aprimary actor,@ the State must prove conduct constituting an
offense plus an act by the defendant done with the intent to promote or assist
such conduct.  Beier v. State, 687
S.W.2d 2, 3 (Tex. Crim. App. 1985). 
There is no question that Medina was murdered during the drive-by
shooting.  Although the fatal shot
apparently did not come from the vehicle driven by appellant, appellant
committed an act that assisted in the murder, as he drove one of the two
vehicles used in the drive-by shooting which killed Medina.  Shots were fired from the vehicle driven by
appellant.  We believe appellant=s actions in driving a vehicle used in the drive-by
shooting aided or attempted to aid the person who murdered Medina, even if that
person was not in appellant=s vehicle. 
From this circumstantial evidence, the jury could have concluded that
appellant intended to promote or assist the commission of Medina=s murder.  See
Ransom, 920 S.W.2d at 302. 
Appellant=s legal-sufficiency challenge is therefore
overruled.

III.  Factual
Sufficiency 

In a factual sufficiency review, the evidence is
viewed in a neutral light, favoring neither party.  See Clewis v. State, 922 S.W.2d 126,
134 (Tex. Crim. App. 1996).  In this
neutral light, we determine whether Athe proof of guilt is so obviously weak as to
undermine confidence in the jury's determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof.@  See
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  A clearly wrong and unjust verdict occurs
where the jury=s finding Ashocks the conscience,@ or Aclearly demonstrates bias.@  Santellan
v. State, 939 S.W.2d 155, 164B65 (Tex. Crim. App. 1997).  We are authorized to disagree with the fact
finder=s verdict even if probative evidence exists that
supports the verdict.  Id. at 164;
see also Johnson, 23 S.W.3d at 7.

Appellant has not identified any exonerative
evidence that greatly outweighs the proof of guilt.  In fact, appellant has failed to identify any
evidence that is contrary to the proof of guilt.  Instead, appellant=s factual-sufficiency challenge appears to rest on
the contention that, when viewed in a neutral light, the proof of guilt is so
obviously weak as to undermine confidence in the jury=s determination. 









In our discussion of the legal sufficiency of the
evidence, we documented the evidence supporting the jury=s finding of appellant=s
guilt under the law of parties.  Although
we now consider the evidence in a neutral light, we do not find that it is so
obviously weak as to undermine confidence in the jury=s determination. 
We believe it is sufficient to find appellant guilty beyond a reasonable
doubt.  Accordingly, appellant=s factual-sufficiency challenge is overruled.  

IV. 
Conclusion

The judgment of the trial court is affirmed. 

 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Do not publish.                                              

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 6th day of October, 2005.