# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00741-CR

**Everett Rainey, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 421ST JUDICIAL DISTRICT NO. 2011-019, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING

## M E M O R A N D U M  O P I N I O N

A jury found appellant Everett Rainey guilty of aggravated sexual assault. *See* Tex. Penal Code Ann. § 22.021 (West 2011). The jury assessed punishment at ten years' confinement. Rainey raises three issues on appeal: (1) there is a material variance between the offense alleged in the indictment and the offense proven at trial; (2) the trial court erred in submitting a jury charge that allowed the jury to convict him without finding that all of the required elements were met; and (3) the trial court erred in instructing the jury on the law of parties. We will affirm the judgment of the trial court.

## BACKGROUND

The factual background of this case is discussed in this Court's prior opinion in *Miranda v. State*, __ S.W.3d __, 03-11-00469-CR, 2012 WL 6761523, at *1–2 (Tex. App.—Austin

Dec. 28, 2012, pet. filed), and will not be fully repeated here. We discuss the background details of this assault only as necessary to address the issues raised by Rainey in this appeal.

Fifteen-year-old K.B. was picked up at her house by Johnny Lozano and Joshua Jackson and driven to Rainey's home.[1] Lozano and Jackson entered Rainey's home while K.B. waited in the car. Lozano soon returned and asked K.B. to join them in the home. K.B. agreed to accompany him, and once inside, she observed five males in the home, including Lozano, Jackson, Rainey, Angel Miranda, and Pedro Quintero. All five of the males were seventeen years old at the time.

Soon after K.B. arrived, Lozano asked each of the other males, including Rainey, to speak with him one at a time in the back room. During these conversations, K.B. remained in the living room with the other three males, and she did not know what Lozano and the other males were discussing. Lozano subsequently made K.B. several alcoholic drinks. Later that evening, Rainey "rolled" a marijuana cigarette and suggested that the group smoke it in his closet. K.B., Rainey, Lozano, Miranda, and Quintero went to Rainey's closet while Jackson remained "passed out on the couch." After the group entered the closet, one of the males "turned the lights off." It was at this point that the sexual assault of K.B. began.

K.B. initially felt Lozano's hand rubbing her back and bottom, then Lozano began to kiss her neck. Suddenly, K.B. felt another set of hands touching her. K.B. would later testify that she attempted to push the hands away, but because she was heavily intoxicated, she was never able to defend herself. Then, one of the assailants grabbed her head and forced his male sexual organ into

---

[1] We refer to the complainant by her initials to protect her identity.

her mouth. While this was occurring, other assailants pulled down K.B.'s pants and began inserting their fingers into her female sexual organ. Eventually, the assailants pushed K.B. out of the closet and forced her on to the bed. As K.B. tried to get up, Quintero and another assailant pushed her back down. The assailants took turns forcing K.B. to perform oral, vaginal, and anal sex, often on two assailants at the same time.

K.B. began to drift in and out of consciousness during the assault. While she could recall certain assailants forcing her to perform various sexual acts, she could not specifically recall Rainey performing a discrete act of penetration.[2] However, K.B. testified that when she began throwing up, Rainey said "Someone take that bitch to the bathroom. I don't want to have to clean that up." Rainey also took pictures of the assault on his cell phone as it was occurring. K.B. also recalled that all of the assailants, including Rainey, were laughing throughout the assault, and at no point did any of them try to assist her or discourage the other assailants.

After the assault was complete, the assailants told K.B. to put her clothes back on and then they forced her back into Lozano's car. Lozano drove K.B. back to her home while Jackson attempted to force K.B. to perform oral sex in the back seat. K.B. stumbled into her home around 4:00 a.m. She curled up on a chair and fell asleep.

That morning, K.B. told her mother about the assault as outlined above. That day, K.B. was examined by a sexual assault nurse who obtained oral, vaginal, and anal swabs from K.B. as well as swabs from her breasts. The nurse took pictures of K.B.'s bruised eye and injured

---

[2] K.B. did testify that at one point Rainey and Lozano were behind her and one of them was forcing her to perform vaginal intercourse, but because she could not turn her head she was not sure which assailant it was.

3

shoulder. There was bruising and tearing in K.B.'s vaginal, anal, and perineal areas, and her genital area was so swollen that the nurse could not perform an internal examination. Subsequent testing revealed that DNA recovered from K.B.'s swabs and her clothing matched the DNA of Lozano, Miranda, Jackson, and Quintero. Rainey's DNA did not match any of the DNA recovered from K.B.

Rainey was indicted for five counts of aggravated sexual assault for what could commonly be referred to as "gang rape." *See* Tex. Penal Code Ann. § 22.021(a)(2)(A)(v) (West 2011). Each count alleged that Rainey sexually assaulted K.B. through various forms of penetration, with the aggravating element that he acted in concert with another assailant who also sexually assaulted K.B. "during the course of the same criminal episode."[3] *See id.* The jury found Rainey guilty of Count V—penetrating K.B.'s mouth with his sexual organ—but found him not guilty on the remaining four counts.[4] *See supra* n.3. The jury assessed punishment at ten years' imprisonment. This appeal followed.

## DISCUSSION

Rainey raises three issues on appeal. First, he claims that there is a material variance between the indictment and the evidence adduced at trial. Second, he asserts the trial court erred in

---

[3] Count I alleged that Rainey penetrated K.B.'s anus with his male sexual organ, Count II alleged that he penetrated her anus with his fingers, Count III alleged that he penetrated her female sexual organ with his male sexual organ, Count IV alleged that he penetrated her female sexual organ with his fingers, and Count V alleged that he penetrated her mouth with his male sexual organ. *See* Tex. Penal Code Ann. § 22.021(a)(1)(A)(i)–(iii) (West 2011) (defining anal, oral, and vaginal sexual assault); *see also Gonzales v. State*, 304 S.W.3d 838, 846-849 (Tex. Crim. App. 2010) (concluding oral, vaginal, and anal penetration are separate and distinct sexual assaults under section 22.021).

[4] Given that the jury found Rainey guilty only of Count V, we will address Rainey's issues on appeal only as they relate to that count.

4

submitting a jury charge that allowed him to be convicted of aggravated sexual assault on the theory that he was a party to sexual assault. Third, Rainey argues that the trial court erred in submitting a jury charge that allowed him to be convicted of aggravated sexual assault on a theory not alleged in the indictment. We address the material variance issue first and then the two alleged errors in the jury charge.

**Variance between indictment and evidence at trial**

In his first issue on appeal, Rainey claims that there is a material variance between the offense alleged in the indictment and the evidence adduced at trial. Specifically, he asserts that the indictment alleges that the "predicate," or underlying sexual assault, involved the penetration of K.B.'s mouth by *his* sexual organ, while the evidence adduced at trial established that K.B.'s mouth was penetrated by the sexual organ of one of the other assailants. The State disputes this point and avers that based on the totality of the evidence, the jury could have reasonably concluded that Rainey penetrated K.B.'s mouth with his sexual organ. However, because none of the testimony or the forensic evidence directly or circumstantially indicates that Rainey penetrated K.B.'s mouth with his sexual organ, we assume without deciding that Rainey's conviction is supported, if at all, on the theory that he was a party to the aggravated sexual assault. *See* Tex. Penal Code Ann. § 7.01(a) (West 2011) ("A person is responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both."). The indictment alleges, in relevant part, that:

> EVERETT COLE RAINEY, Defendant, on or about the 5th
> day of April, 2009, in Caldwell County, Texas, did then and there

5

intentionally and knowingly cause the penetration of the mouth of [K.B.] by the sexual organ of said Defendant, EVERETT COLE RAINEY, without the consent of said [K.B.] . . . and during the course of the same criminal episode, the said Defendant, EVERETT COLE RAINEY, acted in concert with another actor, or actors, to wit: [Lozano, Quintero, Jackson, and Miranda], who [also sexually assaulted K.B.] . . . .

"A 'variance' occurs whenever there is a discrepancy between the allegations in the indictment and the proof offered at trial." *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011) (citing *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001)). However, a variance is material—and thus reversible error—only if it "fails to give the defendant sufficient notice [of the offense alleged] or would not bar a second prosecution for the same" crime. *See id.* at 247–48. It is well established that the indictment need not "include notice that the State will attempt to prove its case under the law of parties." *See Marable v. State*, 85 S.W.3d 287, 292 (Tex. Crim. App. 2002) (Cochran, J., concurring) (internal citations omitted); *see also Powell v. State*, 194 S.W.3d 503, 506 (Tex. Crim. App. 2006) (unanimous opinion citing *Marable*, 85 S.W.3d at 288, for same proposition). Thus, an accused may be convicted as a party to the offense even if the indictment does not explicitly charge him as a party. *See Boston v. State*, 373 S.W.3d 832, 837 (Tex. App.—Austin 2012, pet. granted) (citing *Marable*, 85 S.W.3d at 288). Therefore, although the evidence at trial that Rainey was a party to the aggravated sexual assault does not mirror the allegations contained in the indictment, this difference does not constitute a material variance. *See id.*

Nevertheless, Rainey asserts that because the indictment alleges that *his* sexual organ penetrated K.B.'s mouth, it was a material variance for the State to prove that K.B.'s mouth was actually penetrated by the sexual organ of one of the other assailants. According to Rainey, if the

6

State wanted to provide adequate notice that the predicate sexual assault may have involved penetration by one of the other assailants' sexual organs, the indictment should have described the sexual organ in more general terms.[5]  Rainey does not cite to any authority directly on point, nor does he distinguish this case from the well-established precedent that the law of parties need not be alleged in the indictment.  *See id.*  Rather, he appears to argue that the indictment must provide notice of whose sexual organ was used in a sexual assault.

In support of this proposition, Rainey relies on, among other things, the court of criminal appeals' opinion in *Byrd v. State*, 336 S.W.3d 242, 246–47 (Tex. Crim. App. 2011).  In *Byrd*, the court held that there was a material variance between the indictment, which alleged that the defendant stole property from a named store owner, and the evidence adduced at trial, which showed that the stolen property belonged to Walmart rather than the named store owner.  *See* 336 S.W.3d at 257–58.  In illustrating the difference between material and immaterial variances, the court used the example of a hypothetical indictment which alleged that a defendant killed "Dangerous Dan McGrew," but the evidence showed that he in fact killed "Little Nell."  *See id.* at 246–47.  The court explained that "[m]urder may be murder, but killing one person is not the same offense as killing an entirely different person."  *Id.*

In this case, Rainey asserts that if "murdering Dangerous Dan McGrew is not the same as murdering Little Nell, it follows that Dangerous Dan's sexual organ is not Little Nell's

---

[5]  Rainey provides the following examples of how the indictment could have appropriately referred to the sexual organ used in the predicate sexual assault:  (1) "the sexual organ of [Rainey, Lozano, Quintero, Jackson, and Miranda]"; (2) "the co-actor's sexual organ"; or (3) "an actor's sexual organ."

sexual organ." We take Rainey's argument to mean that penetration of K.B.'s mouth by one of the other assailant's sexual organs is not the same offense as alleged in the indictment. *See* Tex. Penal Code Ann. § 22.021(a)(1)(A)(ii). This argument misconstrues both the law of parties as it applies to aggravated sexual assault, as well as the rationale underlying *Byrd*.

Under the law of parties, the defendant is culpable only if the State proves that the principal actor committed the charged offense, and the defendant encouraged, directed, aided, or attempted to aid that offense. *See id.* §§ 7.01–.02(a)(2); *see also McIntosh v. State*, 52 S.W.3d 196, 200 (Tex. Crim. App. 2001) (concluding defendant could be guilty as party to "engaging in organized criminal activity" if State proved defendant aided a conspirator who performed all elements of offense). In this case, Rainey would be guilty as a party to aggravated sexual assault if he encouraged, directed, aided, or attempted to aid an assailant who, as the principal actor, penetrated K.B.'s mouth with his sexual organ, while that assailant worked in concert with another who also committed sexual assault. *See* Tex. Penal Code Ann. §§ 7.01, 22.021; *see also Miranda*, 2012 WL 6761523 at *5 (explaining law of parties application to gang rape).

Under Rainey's interpretation, a defendant could be guilty as a party to sexual assault by oral penetration only if the principal actor somehow used the defendant's sexual organ to penetrate the mouth of the victim. This assertion necessarily leads to the result that a defendant cannot be guilty as a party to sexual assault by oral penetration. There is nothing in the language of the penal code to indicate that "party liability is inappropriate" with respect to aggravated sexual assault by oral penetration. *See McIntosh*, 52 S.W.3d at 200 (noting that nothing in section 71.02 of penal code indicates defendant cannot be convicted of organized criminal activity under law

8

of parties). Thus, Rainey's argument that the indictment indicates that he could be liable only if his sexual organ penetrated K.B.'s mouth is inconsistent with the language of the aggravated sexual assault statute and the law of parties. *See id.*; *see also* Tex. Penal Code Ann. §§ 7.01, 22.021(a)(1)(A)(ii).

Therefore, this case is clearly distinguishable from the analysis in *Byrd*. 336 S.W.3d at 257–58. *Byrd* involved a variance in the identity of the victim such that the defendant did not have notice of whose property he allegedly stole, while this case at most involves a variance between whether Rainey is liable as a principal actor or party to aggravated sexual assault. *Cf.* 336 S.W.3d at 257–58. Nothing in the court's opinion in *Byrd* can reasonably be interpreted to alter the established precedent that party liability need not be alleged in the indictment. *See id.*; *see also Powell*, 194 S.W.3d at 506.

It is clear that Rainey's liability as a party to the offense necessarily required proof that another assailant's sexual organ penetrated K.B.'s mouth. Given that an indictment does not need to provide notice that the State may prove its case under the law of parties, *see Powell*, 194 S.W.3d at 506, there is no reason why the indictment needs to provide notice that the law of parties as applied to the charged offense necessarily involved the use of another assailant's sexual organ. Thus, Rainey was not deprived of notice that under this charge of aggravated sexual assault by oral penetration, the State could prove that another assailant's sexual organ penetrated K.B.'s mouth. Therefore, we conclude that the complained of variance, if any, is immaterial. We overrule Rainey's first issue on appeal.

**Alleged error in jury charge**

In his second and third issues on appeal, Rainey argues that the trial court erred in its charge to the jury. Specifically, Rainey asserts that the jury charge improperly allowed the jury to (1) convict him of aggravated sexual assault on the theory that he was a party to sexual assault and (2) convict him on a theory not alleged in the indictment. We will address each alleged jury-charge error separately.

*Standard of review*

The purpose of the jury charge is to inform the jury of the applicable law and guide them in its application to the case. *See Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). The jury charge must allow the jury to determine the defendant's guilt in light of the evidence and the law. *Id.* Absent evidence to the contrary, we presume the jury followed the law provided in the charge. *Id.*

Our review of an alleged error in a jury charge involves a two-step inquiry. First, we determine whether there is indeed error in the jury charge. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009) (citing *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005)). Second, assuming that error existed, we determine whether the defendant properly preserved the error at trial. *Id.* at 350 (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g)). If the error was properly preserved, reversal is required if there is "some harm" to the defendant. *Almanza*, 686 S.W.2d at 171. However, if the error was not properly preserved, the error must be "fundamental," meaning that it was "so egregious and created such harm that the defendant 'has not

10

had a fair and impartial trial.'" *Barrios*, 283 S.W.3d at 350 (quoting *Almanza*, 686 S.W.2d at 171); *see also Frost v. State*, 25 S.W.3d 395, 399 n.6 (Tex. App.—Austin 2000, no pet.) (explaining that categories of fundamental error listed in *Cumbie v. State*, 578 S.W.2d 732, 733–34, are still valid after *Almanza*, 686 S.W.2d at 171).

*Party to the lesser offense*

In his second issue on appeal, Rainey claims that the jury charge allowed him to be convicted of aggravated sexual assault based on an invalid theory that he was a party to sexual assault. *See* Tex. Penal Code Ann. §§ 7.01 (defining party to offense), 22.011 (defining sexual assault), .021 (defining aggravated sexual assault) (West 2011). According to Rainey, the jury charge implied that if he was a party to a sexual assault committed by one of the other assailants, the jury could convict him of aggravated sexual assault. *See id.* Thus, Rainey asserts that the jury charge improperly allowed him to be convicted for a more serious offense based on the theory that he was a party to a less serious offense. *See id.* § 7.01(b) (stating that "party to an offense" can be charged with same offense committed by other parties).

This point of error and the arguments made are identical to those raised and addressed in *Miranda*, 2012 WL 6761523 at *3–5. In that opinion, we concluded that the jury charge correctly stated both the law of parties and how that law applied to gang rape. *Id.* We do not repeat that discussion here. The jury charge in this case is identical to the one we affirmed in *Miranda*, with the exception that Rainey is the named defendant rather than Miranda. *See id.* For the reasons stated in our previous opinion in *Miranda*, we overrule Rainey's second issue on appeal.

*Theory of offense not alleged in indictment*

In his third and final issue on appeal, Rainey asserts that the trial court erred in instructing the jury on the law of parties based on the indictment in this case. Specifically, Rainey claims that the indictment alleges that Rainey penetrated K.B.'s mouth with *his* sexual organ, while a party theory of liability requires proof that K.B.'s mouth was penetrated by the sexual organ of one of the other assailants.[6] Thus, according to Rainey, the trial court erred in providing a jury instruction that authorizes conviction on a theory not alleged in the indictment. *See Cumbie*, 578 S.W.2d at 733–34 (noting it is fundamental error for jury charge to authorize conviction on "one or more other theories not alleged in the indictment"), *overruled on other grounds by Almanza*, 686 S.W.2d at 174.

Rainey does not dispute that the evidence admitted at trial could support the jury finding that he was a party to this brutal assault. "[I]f the evidence admitted at trial supports a charge on the law of parties, the trial court may charge on the law of parties even though there is no such allegation in the indictment." *Marable*, 85 S.W.3d at 292. As previously discussed in Rainey's first appellate issue, party liability for this aggravated sexual assault necessarily involved the penetration of K.B.'s mouth by the sexual organ of one of the other assailants. Therefore, we conclude the trial court did not err in instructing the jury on the law of parties in this case. *See id.* We overrule Rainey's third issue on appeal.

---

[6] Rainey appears to acknowledge that much of this argument is a reiteration of his first issue on appeal, "only this time in more general terms."

## CONCLUSION

Having overruled Rainey's three issues on appeal, we affirm the judgment of the trial court.

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   February 22, 2013

Do Not Publish